IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

XAVIER HAYMER                                                                                          PLAINTIFF

V.                                         CASE NO. 4:11CV00434 JMM

UNITED NATIONAL INSURANCE COMPANY                                      DEFENDANT

## ORDER GRANTING MOTION TO REMAND

Pending are the Plaintiff's motions to remand his case back to the St. Francis County Circuit Court. (Docket #'s 7 and 9).   Plaintiff contends that the Court does not have jurisdiction over the case because the amount in controversy does not exceed the Seventy-Five Thousand dollar ($75,000.00) threshold required for federal diversity jurisdiction.

Any civil action brought in state court which alleges claims within the original jurisdiction of the United States District Courts may be removed by the defendant to the appropriate federal court.  28 U.S.C. §1441(a).  The Court's original jurisdiction, of course, includes diversity jurisdiction.  Once a case has been removed to federal court, a motion to remand to state court may be brought on the basis of any defect in the removal procedure.  28 U.S.C. § 1447(c).  If it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  In making this determination, the Court must resolve all doubts in favor of a remand to state court.  *See In re Business Assurance Co. Of America,* 992 F.2d 181, 183 (8th Cir. 1993). "[W]here . . . the complaint alleges no specific amount of damages or an amount under the jurisdictional minimum, the removing party . . . must prove by a preponderance of the

evidence that the amount in controversy exceeds $75,000." *In re Minnesota Mut. Life Ins. Co. Sales Practices Litig.,* 346 F.3d 830, 834 (8th Cir. 2003).

In this case, Mr. Haymer contends that property he owns which was insured by United National Insurance Company was damaged by vandalism. United denied his claim for coverage. Plaintiff seeks to recover for the amount of loss sustained to the property, $43,200, less a $500 deductible, interest, statutory penalty and attorneys fees. Plaintiff argues that the amount in controversy is less than $75,000. Plaintiff calculates the amount as follows: $42,700 plus the twelve percent penalty of $5,124 for a total of $47,824. Plaintiff argues that the jurisdictional requirement could not be reached unless the Court awarded over $27,000 in attorneys fees. The Court finds it unlikely that it would award $27,000 in attorneys fees on a $47,824 claim. *See Toller v. Sagamore Ins. Co.*, 558 F.Supp.2d 924 (E.D.Ark. 2008) and *Pritchard v. State Farm Mut. Auto. Ins. Co.,* Case Number 4:08CV01861 WRW (E.D. Ark. Sept. 26, 2008). The Court finds that United National Insurance Company has failed to prove by a preponderance of the evidence that the amount in controversy in this case exceeds $75,000. Therefore, the Court does not have jurisdiction under 28 U.S.C. § 1332.

Plaintiff's Motions to Remand are GRANTED. The Clerk is directed to send the case file to the Clerk of the St. Francis County Circuit Court forthwith.

IT IS SO ORDERED this 22nd day of June, 2011.

_____
James M. Moody
United States District Judge